EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMPSON LEE,

        Plaintiff,

v.

ERIC RARDIN,

        Defendant.

_____/

Case No. 2:25-cv-13027

Honorable Susan K. DeClercq
United States District Judge

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS (ECF No. 7) AND DISMISSING PETITION (ECF No. 1) AS MOOT**

Sampson Lee filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241 while incarcerated at the Federal Correctional Institution in Milan, Michigan ("FCI-Milan"). ECF No. 1. Lee alleges that the Federal Bureau of Prisons (BOP) has failed to properly apply his earned time credits under the First Step Act and the Second Chance Act. He seeks recalculation of his earned time credits and immediate transfer to pre-release custody. *Id.* at PageID.7. Respondent has moved to dismiss the petition. As explained below, the Court will grant the Respondent's motion and dismiss Lee's petition.

## I. BACKGROUND

In 2019, Lee pleaded guilty to coercion or enticement of a minor, in violation of 18 U.S.C. § 2422(a). *See United States v. Lee*, No. 18-cr-154 (D. N.D.). On

October 10, 2019, he was sentenced to 135 months of imprisonment to be followed by five years of supervised release. *See id.* at ECF No. 52.

In September 2025, Lee filed the present habeas petition. He argues that the BOP has failed to transfer him to pre-release custody because it did not properly calculate the credits to which he claims entitlement under the First Step Act and Second Chance Act. ECF No. 1 at PageID.6. He asks the Court to order the BOP to recalculate his credits and transfer him to pre-release custody. *Id.* at PageID.7.

Respondent has filed a motion to dismiss, asserting that Lee's petition is now moot because Lee has been released to a Residential Reentry Management Center in New York. *See* ECF No. 7 at PageID.80. Lee has not filed a response.

## II. LEGAL STANDARD

Article III, § 2 of the Constitution confines the judicial power of the federal courts to actual, ongoing cases or controversies. That limitation means that a litigant "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). The case-or-controversy requirement continues through all stages of a judicial proceeding. *Id.* "[I]t is not enough that a dispute was very much alive when suit was filed . . . The parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Id.* (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983) (additional quotation omitted)).

A case becomes moot "when events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986). Federal courts therefore lack jurisdiction to consider a case that has "'lost its character as a present, live controversy.'" *Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009) (quoting *Hall v. Beals*, 396 U.S. 45, 48 (1969)). If issuing a writ of habeas corpus would neither shorten the petitioner's custody nor yield any collateral consequences, then no live controversy remains for the court to resolve, and the case is moot. *See id*. at 513.

### III. DISCUSSION

Lee's petition no longer presents a justiciable case or controversy because the relief he sought, pre-release custody, has been granted. *Id.* (holding a federal prisoner's challenge to a BOP policy preventing his transfer to a community corrections center, or halfway house, was rendered moot by the prisoner's release from custody). Additionally, earned time credits may not be used to reduce a term of supervised release. *Hargrove v. Healy*, 155 F.4th 530, 536 (6th Cir. 2025). So Lee's release from custody "makes it impossible for [this Court] to grant any effectual relief." *Id.* Thus, because this Court lacks jurisdiction to decide this moot petition it will grant Respondent's motion to dismiss, ECF No. 7, and dismiss Lee's petition, ECF No. 1, as moot.

- 3 -

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Respondent's Motion to Dismiss, ECF No. 7, is **GRANTED**.

Further, it is **ORDERED** that Lee's Petition for a Writ of Habeas Corpus, ECF No. 1, is **DISMISSED AS MOOT**.

**This is a final order and closes the above-captioned case.**

/s/Susan K. DeClercq
SUSAN K. DeCLERCQ
United States District Judge

Dated: May 18, 2026

- 4 -